# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1.  SEE NOTICE ON REVERSE**       **2.  PLEASE TYPE OR PRINT**       **3.  STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Reclaim the Records et al., | SDNY | Jesse M. Furman |
| Plaintiffs-Appellants, | **Date the Order or Judgment Appealed from was Entered on the Docket:** 08/08/2024 | **District Court Docket No.:** 1:23-cv-01471-JMF |
| v. | | |
| United States Department of State, | **Date the Notice of Appeal was Filed:** 09/06/2024 | **Is this a Cross Appeal?** ☐ Yes   ☑ No |
| Defendant. | | |

| **Attorney(s) for Appellant(s):** ☑ Plaintiff  ☐ Defendant | Counsel's Name: David B. Rankin, Beldock Levine & Hoffman, LLP | Address: 99 Park Ave. PH/26th Floor New York, NY 10016 | Telephone No.: 212-490-0400 | Fax No.: 212-277-5880 | E-mail: drankin@blhny.com |
|---|---|---|---|---|---|
| **Attorney(s) for Appellee(s):** ☐ Plaintiff  ☑ Defendant | Counsel's Name: Benjamin H. Torrance, Joseph A. Pantoja, U.S. Attorney's Office for the Southern District of NY | Address: 86 Chambers Street New York, NY 10007 | Telephone No.: 212-637-2200 | Fax No.: 212-637-2730 | E-mail: Joseph.Pantoja@usdoj.gov |

| Has Transcript Been Prepared? No | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes  ☑ No |
|---|---|---|---|
| | | | If Yes, provide the following: |
| | | | Case Name: |
| | | | 2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION;  (2) THE RESULT BELOW;  (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☑ Other (specify): 5 U.S.C. § 552(a)(4)(b) | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C**  (Rev. October  2016)

**PART B:  DISTRICT COURT DISPOSITION   (Check as many as apply)**

**1. Stage of Proceedings**
- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [✓] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

**PART C:  NATURE OF SUIT   (Check as many as apply)**

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [✓] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
[ ] Yes   [✓] No

Will appeal raise a matter of first impression?
[ ] Yes   [✓] No

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?   [ ] Yes   [✓] No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?   [✓] Yes   [ ] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>Reclaim the Records v. United States Department of State | Docket No.<br>24-2572 | Citation:<br>1:23-cv-1529 (district docket) | Court or Agency:<br>SDNY appealed to 2nd Circuit |
|---|---|---|---|

Name of Appellant: **Reclaim the Records, Alec Ferretti**

Date: 10/10/2024     Signature of Counsel of Record:

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

     **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

# ADDENDUM "A"

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

-------------------------------------------------------------------X

Reclaim the Records, Alec Ferretti,

                  Plaintiffs - Appellants,          **Docket No. 24-2387**

  - against -

United States Department of State,

                  Defendant - Appellee.          **Form C Addendum A**

-------------------------------------------------------------------X


### Description of the Nature of the Action

Plaintiff Alec Ferretti is a board member of Plaintiff Reclaim the Records ("Reclaim"), a 501(c)(3) not-for-profit organization that acquires genealogical and archival data sets and images from government sources for the purpose of making such genealogical data free and accessible to the public at large. Collectively, Mr. Ferretti and Reclaim the Records are referred to as the "Plaintiffs." On July 30, 2017, Plaintiffs submitted a FOIA request (Control Number F-2017-14380) to the DOS through its Office of Information Programs and Services (hereinafter the "Request"). The Request seeks "a copy of the index to all birth and death records held by the State Department for the Panama Canal Zone." On August 23, 2017, DOS acknowledged the Request. On October 23, 2017, having received neither the requested records nor a denial of the Request from DOS, Plaintiffs followed up on the status of the Request via email.

Defendant failed to respond to or produce the records requested by Plaintiffs within twenty business days of receiving the Request as required by the FOIA, 5 U.S.C. § 522(a)(6)(A)(i). Defendant continues to improperly deny Plaintiffs access to the requested records. Defendant's

failure to promptly make available the records sought by Plaintiffs' Request violates the FOIA, 5 U.S.C. §§ 522(a)(2)-(3) and 522(a)(6)(A)(i), and Defendant's corresponding regulations.

Thus, Plaintiffs filed this suit requesting that the Court (1) Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiffs' Request; (2) Issue a declaration that Plaintiffs are entitled to disclosure of the records responsive to Plaintiffs' Request; (3) Order Defendant to disclose all non-exempt records responsive to Plaintiffs' Request in its entirety, as well as all non-exempt portions of responsive records; (4) Order Defendant to promptly provide an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and its progeny, inventorying all responsive records and itemizing and justifying all withholdings of responsive documents; (5) Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to Plaintiffs' Request; (6) Immediately process all records responsive to the Request; and (7) Award Plaintiffs reasonable attorneys' fees and costs pursuant to incurred in this action; and 5 U.S.C. § 552(a)(4)(E). Thereafter, the Department denied the request on the ground that the record requested by Plaintiffs does not exist.

In analyzing cross-motions for summary judgment, the District Court granted Defendant's motion for summary judgment and denied Plaintiffs' cross-motion for summary judgment. This appeal follows.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

RECLAIM THE RECORDS and
ALEC FERRETTI,

                Plaintiffs,                23-cv-01471-JMF

        -against-                NOTICE OF APPEAL

UNITED STATES DEPARTMENT OF
STATE,

                Defendant.
--------------------------------------------------------x

      Notice is hereby given that RECLAIM THE RECORDS and ALEC FERRETTI,

Plaintiffs in the above-named case, hereby appeals to the United States Court of Appeals for the

Second Circuit from an order staying this action, entered on the 8th day of August 2024.

                            Dated: September 6, 2024
                                New York, New York

                           /s/ David B. Rankin

                           David B. Rankin, Esq.
                           *Counsel for Plaintiffs*

                           Beldock, Levine & Hoffman, LLP
                           99 Park Avenue, PH/26th Floor
                           New York, NY 10016
                           Tel.: 212-277-5825
                           Email: drankin@blhny.com

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:23-cv-01471-JMF

Reclaim the Records et al v. United States Department of State

Assigned to: Judge Jesse M. Furman

Cause: 05:552 Freedom of Information Act

Date Filed: 02/22/2023

Date Terminated: 08/08/2024

Jury Demand: None

Nature of Suit: 895 Freedom of Information Act

Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Reclaim the Records**                represented by   **Benjamin Edward Meyers**
Theodore Friedman P.C.
11 Park Place, Suite 1100
New York, NY 10007
(646)-496-2353
Fax: (917)-591-6777
Email: ben.meyers.esq@gmail.com
*ATTORNEY TO BE NOTICED*

**Jeffrey F Kinkle**
Dunnington Bartholow & Miller LLP
230 Park Avenue
21st Floor
10169
New York, NY 10169
212-682-8811
Email: jkinkle@dunnington.com
*TERMINATED: 12/18/2023*

**Katherine Adams**
Beldock Levine & Hoffman LLP
99 Park Ave.
Suite PH/26th Fl.
New York, NY 10016
212-277-5824
Fax: 212-277-5880
Email: qadamsesq@gmail.com
*TERMINATED: 12/26/2023*

**David Bruce Rankin**
Beldock Levine & Hoffman LLP
99 Park Ave 26th Floor
New York, NY 10016
212-490-0400
Fax: 212-277-5880
Email: drankin@BLHNY.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alec Ferretti**                         represented by   **Benjamin Edward Meyers**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                                **Jeffrey F Kinkle**
(See above for address)
*TERMINATED: 12/18/2023*

                                                **Katherine Adams**
(See above for address)
*TERMINATED: 12/26/2023*

                                                **David Bruce Rankin**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States Department of State**       represented by   **Joseph Anthony Pantoja**
U.S. Attorney's Office, SDNY (86
Chambers St.)
86 Chambers Street
New York, NY 10007
212 637-2200
Fax: 212 637-2730
Email: Joseph.Pantoja@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2023 | 1 | COMPLAINT against United States Department of State. (Filing Fee $ 402.00, Receipt Number ANYSDC-27375317)Document filed by Reclaim the Records, Alec Ferretti. (Attachments: # 1 Exhibit A - FOIA, # 2 Exhibit B - Ack Ltr, # 3 Exhibit C - Status 1, # 4 Exhibit D - Status 2, # 5 Exhibit E - Status 3, # 6 Exhibit F - Status 4, # 7 Exhibit G - Status 5, # 8 Exhibit H - Missing Data).(Rankin, David) (Entered: 02/22/2023) |
| 02/22/2023 | 2 | CIVIL COVER SHEET filed..(Rankin, David) (Entered: 02/22/2023) |
| 02/22/2023 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to United States Department of State, re: 1 Complaint,. Document filed by Alec Ferretti, Reclaim the Records..(Rankin, David) (Entered: 02/22/2023) |
| 02/22/2023 | 4 | NOTICE OF APPEARANCE by Katherine Adams on behalf of Alec Ferretti, Reclaim the Records..(Adams, Katherine) (Entered: 02/22/2023) |
| 02/23/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney David Bruce Rankin. The following case opening statistical information was erroneously selected/entered: Jurisdiction code 3 (Federal Question);. The following correction(s) have been made to your case entry: the Jurisdiction code has been modified to 2 (U.S. Government Defendant);. (jgo)** (Entered: 02/23/2023) |

| 02/23/2023 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jesse M. Furman. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 02/23/2023) |
|---|---|---|
| 02/23/2023 | | Magistrate Judge James L. Cott is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 02/23/2023) |
| 02/23/2023 | | Case Designated ECF. (jgo) (Entered: 02/23/2023) |
| 02/23/2023 | 5 | ELECTRONIC SUMMONS ISSUED as to United States Department of State..(jgo) (Entered: 02/23/2023) |
| 02/23/2023 | 6 | ORDER: This case arises under the Freedom of Information Act, Title 5, United States Code, Section 552. The parties are hereby ORDERED to submit a joint letter, no later than two weeks from the date of this order and not to exceed two pages, indicating whether there is any need for discovery or an initial conference in this case. If there is no such need, the parties should include in their letter a proposed briefing schedule for any motions, including motions for summary judgment. If Defendant has not yet entered a notice of appearance, Plaintiff shall promptly serve a copy of this Order on Defendant and file proof of such service. SO ORDERED. (Signed by Judge Jesse M. Furman on 2/23/2023) (tg) (Entered: 02/23/2023) |
| 02/23/2023 | 7 | NOTICE OF APPEARANCE by Jeffrey F Kinkle on behalf of Alec Ferretti, Reclaim the Records..(Kinkle, Jeffrey) (Entered: 02/23/2023) |
| 02/27/2023 | 8 | NOTICE OF APPEARANCE by Joseph Anthony Pantoja on behalf of United States Department of State..(Pantoja, Joseph) (Entered: 02/27/2023) |
| 02/27/2023 | 9 | SUMMONS RETURNED EXECUTED. United States Department of State served on 2/27/2023, answer due 3/20/2023. Service was made by EMAIL. Document filed by Reclaim the Records; Alec Ferretti..(Rankin, David) (Entered: 02/27/2023) |
| 03/07/2023 | 10 | JOINT LETTER addressed to Judge Jesse M. Furman from AUSA Joseph A. Pantoja dated March 7, 2023 re: joint letter pursuant to 2/23/23 Order (ECF No. 6). Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 03/07/2023) |
| 03/08/2023 | 11 | MEMO ENDORSEMENT on re: 10 Letter pursuant to 2/23/23 Order (ECF No. 6) filed by United States Department of State. ENDORSEMENT : Application GRANTED. Defendant's deadline to answer or otherwise respond to the complaint is hereby extended to May 26, 2023. SO ORDERED., (United States Department of State answer due 5/26/2023.) (Signed by Judge Jesse M. Furman on 3/7/23) (yv) (Entered: 03/08/2023) |
| 05/04/2023 | 12 | LETTER addressed to Judge Jesse M. Furman from Jeffrey F. Kinkle dated May 3, 2023 re: Status Update. Document filed by Alec Ferretti, Reclaim the Records..(Kinkle, Jeffrey) (Entered: 05/04/2023) |
| 05/04/2023 | 13 | MEMO ENDORSEMENT on re: 12 Letter filed by Alec Ferretti, Reclaim the Records. ENDORSEMENT: The parties shall submit a joint update letter, no later than May 25, 2023, and not to exceed two pages, indicating whether there is any need for discovery or an initial conference and, if not, proposing a briefing schedule for any motions, including |

| | | |
|---|---|---|
| | | motions for summary judgment. SO ORDERED. (Signed by Judge Jesse M. Furman on 5/4/2023) (tg) (Entered: 05/04/2023) |
| 05/24/2023 | 14 | FIRST LETTER MOTION for Extension of Time to File Answer addressed to Judge Jesse M. Furman from AUSA Joseph A. Pantoja dated May 24, 2023. Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 05/24/2023) |
| 05/24/2023 | 15 | ORDER granting 14 Letter Motion for Extension of Time to Answer addressed to Judge Jesse M. Furman from AUSA Joseph A. Pantoja dated May 24, 2023. Application GRANTED. The Clerk of Court is directed to terminate ECF No. 14. SO ORDERED. 1 Complaint,. United States Department of State answer due 7/25/2023. (Signed by Judge Jesse M. Furman on 5/24/2023) (vfr) (Entered: 05/24/2023) |
| 07/21/2023 | 16 | JOINT LETTER MOTION for Extension of Time to File Answer addressed to Judge Jesse M. Furman from AUSA Joseph A. Pantoja dated July 21, 2023. Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 07/21/2023) |
| 07/24/2023 | 17 | ORDER granting 16 Letter Motion for Extension of Time to Answer re 16 JOINT LETTER MOTION for Extension of Time to File Answer addressed to Judge Jesse M. Furman from AUSA Joseph A. Pantoja dated July 21, 2023. Application GRANTED. Defendant's motion for summary judgment is due October 8, 2023. Plaintiffs' opposition is due November 10, 2023. Defendants' reply is due December 1, 2023. The Clerk of Court is directed to terminate ECF No. 16. United States Department of State answer due 9/8/2023. (Signed by Judge Jesse M. Furman on 7/24/2023) (ate) (Entered: 07/24/2023) |
| 07/24/2023 | | Set/Reset Deadlines: Motions due by 10/8/2023. Responses due by 11/10/2023. Replies due by 12/1/2023. (ate) (Entered: 07/24/2023) |
| 09/07/2023 | 18 | ANSWER to 1 Complaint,. Document filed by United States Department of State.. (Pantoja, Joseph) (Entered: 09/07/2023) |
| 10/05/2023 | 19 | FIRST LETTER MOTION for Extension of Time to File *motion for summary judgment* addressed to Judge Jesse M. Furman from AUSA Joseph A. Pantoja dated October 5, 2023. Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 10/05/2023) |
| 10/06/2023 | 20 | ORDER granting 19 Letter Motion for Extension of Time to File. The Application is GRANTED. The Government's motion for summary judgment is due October 24, 2023, Plaintiffs' opposition is due December 8, 2023, and the Government's reply, if any, is due January 8, 2024. The Clerk of Court is directed to terminate ECF No. 19. SO ORDERED. (Signed by Judge Jesse M. Furman on 10/6/2023) (vfr) (Entered: 10/06/2023) |
| 10/06/2023 | | Set/Reset Deadlines: Motions due by 10/24/2023. Responses due by 12/8/2023 Replies due by 1/8/2024. (vfr) (Entered: 10/06/2023) |
| 10/24/2023 | 21 | MOTION for Summary Judgment . Document filed by United States Department of State.. (Pantoja, Joseph) (Entered: 10/24/2023) |
| 10/24/2023 | 22 | DECLARATION of Regina L. Ballard in Support re: 21 MOTION for Summary Judgment .. Document filed by United States Department of State. (Attachments: # 1 Exhibit FOIA request, # 2 Exhibit DOS retention schedule as of 2021-02-09, # 3 Exhibit DOS SORN re Passport records, # 4 Exhibit DOS letter re final response 2023.04.13).(Pantoja, Joseph) (Entered: 10/24/2023) |
| 10/24/2023 | 23 | MEMORANDUM OF LAW in Support re: 21 MOTION for Summary Judgment . . Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 10/24/2023) |

| | | |
|---|---|---|
| 11/27/2023 | 24 | CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 21 MOTION for Summary Judgment . addressed to Judge Jesse M. Furman from JEFFREY KINKLE dated Nov. 27, 2023. Document filed by Alec Ferretti, Reclaim the Records.. (Kinkle, Jeffrey) (Entered: 11/27/2023) |
| 11/28/2023 | 25 | ORDER granting 24 Letter Motion for Extension of Time to File Response/Reply re 24 CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 21 MOTION for Summary Judgment . addressed to Judge Jesse M. Furman from JEFFREY KINKLE dated Nov. 27, 2023., 21 MOTION for Summary Judgment . Application GRANTED. The Clerk of Court is directed to terminate ECF No. 24. SO ORDERED. (Responses due by 12/22/2023 Replies due by 1/22/2024.) (Signed by Judge Jesse M. Furman on 11/28/23) (yv) (Entered: 11/28/2023) |
| 12/15/2023 | 26 | SECOND LETTER MOTION for Extension of Time to File Response/Reply as to 21 MOTION for Summary Judgment . *on Consent* addressed to Judge Jesse M. Furman from David B. Rankin dated Dec. 15, 2023. Document filed by Alec Ferretti, Reclaim the Records..(Kinkle, Jeffrey) (Entered: 12/15/2023) |
| 12/15/2023 | 27 | MOTION for Jeffrey F. Kinkle to Withdraw as Attorney . Document filed by Alec Ferretti, Reclaim the Records..(Kinkle, Jeffrey) Modified on 12/19/2023 (yv). (Entered: 12/15/2023) |
| 12/18/2023 | 28 | ORDER granting 26 Letter Motion for Extension of Time to File Response/Reply re 26 SECOND LETTER MOTION for Extension of Time to File Response/Reply as to 21 MOTION for Summary Judgment . *on Consent* addressed to Judge Jesse M. Furman from David B. Rankin dated Dec. 15, 2023., 21 MOTION for Summary Judgment . Application GRANTED. The Clerk of Court is directed to terminate ECF No. 26. SO ORDERED. ( Responses due by 2/5/2024 Replies due by 3/7/2024.). (Signed by Judge Jesse M. Furman on 12/18/23) (yv) (Entered: 12/18/2023) |
| 12/18/2023 | 29 | MEMO ENDORSED ORDER granting 27 Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. The Clerk of Court is directed to terminate ECF No. 27 and terminate Jeffrey F. Kinkle as counsel for Plaintiff. SO ORDERED., (Attorney Jeffrey F Kinkle terminated.) (Signed by Judge Jesse M. Furman on 12/18/23) (yv) Modified on 12/19/2023 (yv). (Entered: 12/18/2023) |
| 12/22/2023 | 30 | MOTION for Katherine Adams to Withdraw as Attorney . Document filed by Alec Ferretti, Reclaim the Records. (Attachments: # 1 Affidavit of Katherine Adams in Support).(Adams, Katherine) (Entered: 12/22/2023) |
| 12/26/2023 | 31 | MEMO ENDORSED ORDER granting 30 Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. The Clerk of Court is directed to terminate ECF No. 30 and terminate Katherine Adams as counsel for plaintiffs. SO ORDERED. ( Attorney Katherine Adams terminated.) (Signed by Judge Jesse M. Furman on 12/26/23) (yv) (Entered: 12/26/2023) |
| 01/30/2024 | 32 | NOTICE OF APPEARANCE by Benjamin Edward Meyers on behalf of Alec Ferretti, Reclaim the Records..(Meyers, Benjamin) (Entered: 01/30/2024) |
| 02/01/2024 | 33 | THIRD LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Jesse M. Furman from Benjamin Meyers dated February 1, 2024. Document filed by Alec Ferretti, Reclaim the Records..(Meyers, Benjamin) (Entered: 02/01/2024) |
| 02/01/2024 | 34 | ORDER granting 33 Letter Motion for Extension of Time to File Response/Reply re 33 THIRD LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Jesse M. Furman from Benjamin Meyers dated February 1, 2024., 21 MOTION for Summary Judgment . Application GRANTED. The Clerk of Court is directed to terminate |

| | | |
|---|---|---|
| | | ECF No. 33. SO ORDERED. (Responses due by 2/19/2024, Replies due by 3/21/2024.) (Signed by Judge Jesse M. Furman on 2/1/24) (yv) (Entered: 02/01/2024) |
| 02/19/2024 | 35 | CROSS MOTION for Summary Judgment . Document filed by Alec Ferretti, Reclaim the Records..(Meyers, Benjamin) (Entered: 02/19/2024) |
| 02/19/2024 | 36 | DECLARATION of David B. Rankin in Support re: 35 CROSS MOTION for Summary Judgment .. Document filed by Alec Ferretti, Reclaim the Records. (Attachments: # 1 Exhibit Ex. 1 - FOIA Request, # 2 Exhibit Ex. 2 - Def's acknowledgment letter, # 3 Exhibit Ex. 3 - Status update 1, # 4 Exhibit Ex. 4 - Status update 2, # 5 Exhibit Ex. 5 - Status update 3, # 6 Exhibit Ex. 6 - Status update 4, # 7 Exhibit Ex. 7 - Status update 5, # 8 Exhibit Ex. 8 - Def's info query and response, # 9 Exhibit Ex. 9 - Def's Database Privacy Assessment).(Meyers, Benjamin) (Entered: 02/19/2024) |
| 02/19/2024 | 37 | MEMORANDUM OF LAW in Support re: 35 CROSS MOTION for Summary Judgment . *and in Opposition to DOS's Summary Judgment Motion*. Document filed by Alec Ferretti, Reclaim the Records..(Meyers, Benjamin) (Entered: 02/19/2024) |
| 02/21/2024 | 38 | ORDER: On February 19, 2024, Plaintiffs timely filed their opposition to Defendant's motion for summary judgment together with a cross motion for summary judgment. See ECF Nos. 35-37. The current briefing schedule did not contemplate a cross-motion and provides that Defendant's reply, if any, shall be filed no later than March 21, 2024. See ECF No. 34. That deadline will remain in place, but in light of Plaintiffs' cross motion, by March 21, 2024, Defendant shall file together its reply in support of its motion as well as its opposition to Plaintiffs' cross motion in a single brief not to exceed twenty-five pages. Plaintiffs may then file any reply in support of their motion, not to exceed ten pages, no later than April 4, 2024. SO ORDERED. ( Replies due by 4/4/2024. Responses due by 3/21/2024) (Signed by Judge Jesse M. Furman on 2/20/2024) (va) (Entered: 02/21/2024) |
| 03/20/2024 | 39 | FIRST LETTER MOTION for Extension of Time to Amend *Plaintiffs' MOL and file supplemental Expert Declaration* addressed to Judge Jesse M. Furman from Benjamin Meyers dated March 20, 2024. Document filed by Alec Ferretti, Reclaim the Records.. (Meyers, Benjamin) (Entered: 03/20/2024) |
| 03/20/2024 | 40 | ORDER granting 39 Letter Motion for Extension of Time to Amend 39 FIRST LETTER MOTION for Extension of Time to Amend *Plaintiffs' MOL and file supplemental Expert Declaration* addressed to Judge Jesse M. Furman from Benjamin Meyers dated March 20, 2024. Application GRANTED. Given the generous briefing schedule approved herein, the parties should not expect any further extensions to be granted. The Clerk of Court is directed to terminate ECF No. 39. (Signed by Judge Jesse M. Furman on 3/20/2024) (rro) (Entered: 03/20/2024) |
| 03/20/2024 | | Set/Reset Deadlines: Replies due by 5/27/2024. (rro) (Entered: 03/20/2024) |
| 03/29/2024 | 41 | DECLARATION of Ron Schnell in Support re: 35 CROSS MOTION for Summary Judgment .. Document filed by Alec Ferretti, Reclaim the Records. (Attachments: # 1 Exhibit Ex 1 - Schnell CV, # 2 Exhibit Ex 2 - Schnell Publications, # 3 Exhibit Ex 3 - Schnell Testifying Experience).(Meyers, Benjamin) (Entered: 03/29/2024) |
| 03/29/2024 | 42 | AMENDED MEMORANDUM OF LAW in Support re: 35 CROSS MOTION for Summary Judgment . *and in Opposition to DOS's Summary Judgment Motion*. Document filed by Alec Ferretti, Reclaim the Records..(Meyers, Benjamin) (Entered: 03/29/2024) |
| 05/10/2024 | 43 | FIRST LETTER MOTION for Extension of Time to File Response/Reply *(reply papers)* addressed to Judge Jesse M. Furman from Joseph A. Pantoja, AUSA dated May 10, 2024. Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 05/10/2024) |

| 05/10/2024 | 44 | ORDER granting 43 Letter Motion for Extension of Time to File Response/Reply re 43 FIRST LETTER MOTION for Extension of Time to File Response/Reply *(reply papers)* addressed to Judge Jesse M. Furman from Joseph A. Pantoja, AUSA dated May 10, 2024., 21 MOTION for Summary Judgment ., 35 CROSS MOTION for Summary Judgment . Application GRANTED. No further extensions willbe granted. The Clerk of Court is directed to terminate ECF No. 43.SO ORDERED. (Responses due by 6/12/2024 Replies due by 6/26/2024.) (Signed by Judge Jesse M. Furman on 5/10/24) (yv) (Entered: 05/10/2024) |
| 06/12/2024 | 45 | REPLY MEMORANDUM OF LAW in Support re: 21 MOTION for Summary Judgment . *And in opposition to Plaintiffs' cross-motion for summary judgment*. Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 06/12/2024) |
| 06/12/2024 | 46 | DECLARATION of Regina L. Ballard in Support re: 21 MOTION for Summary Judgment .. Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 06/12/2024) |
| 06/12/2024 | 47 | DECLARATION of Sharon Westmark in Support re: 21 MOTION for Summary Judgment .. Document filed by United States Department of State..(Pantoja, Joseph) (Entered: 06/12/2024) |
| 06/20/2024 | 48 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Jesse M. Furman from Benjamin Meyers dated June 20, 2024. Document filed by Alec Ferretti, Reclaim the Records..(Meyers, Benjamin) (Entered: 06/20/2024) |
| 06/20/2024 | 49 | ORDER granting 48 Letter Motion for Extension of Time to File Response/Reply re 48 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Jesse M. Furman from Benjamin Meyers dated June 20, 2024. Application GRANTED. Further extensions are unikely to be granted. The Clerk of Court is directed to terminate ECF No. 48. Replies due by 7/3/2024.. (Signed by Judge Jesse M. Furman on 6/20/2024) (rro) (Entered: 06/20/2024) |
| 07/02/2024 | 50 | CONSENT LETTER MOTION for Extension of Time to File *Reply* addressed to Judge Jesse M. Furman from David Rankin dated July 2, 2024. Document filed by Alec Ferretti, Reclaim the Records..(Rankin, David) (Entered: 07/02/2024) |
| 07/03/2024 | 51 | ORDER granting 50 Letter Motion for Extension of Time to File Application GRANTED. The Court wishes Mr. Meyers well. Given thelength of time for which these motions have been pending, however, the Court will not grant any further extensions, no matter the reason. Accordingly, to the extent Mr. Meyers believes he may not be able to complete the briefing by the now-extended deadline of August 2, 2024, Plaintiff should promptly make arrangements for another attorney to take on the task. The Clerk of Court is directed to terminate ECF No. 50. SO ORDERED.. (Signed by Judge Jesse M. Furman on 7/2/2024) (jca) (Entered: 07/03/2024) |
| 07/03/2024 |  | Set/Reset Deadlines: Replies due by 8/2/2024. (jca) (Entered: 07/03/2024) |
| 08/02/2024 | 52 | REPLY MEMORANDUM OF LAW in Support re: 35 CROSS MOTION for Summary Judgment . . Document filed by Alec Ferretti, Reclaim the Records..(Meyers, Benjamin) (Entered: 08/02/2024) |
| 08/07/2024 | 53 | OPINION AND ORDER re: 35 CROSS MOTION for Summary Judgment . filed by Alec Ferretti, Reclaim the Records, 21 MOTION for Summary Judgment . filed by United States Department of State. In conclusion, the Department establishes through Ballard's and Westmark's declarations that it conducted an adequate search for the requested index and that fulfilling Plaintiffs' request would require the creation of a new document, which FOIA does not require. At bottom, Plaintiffs' arguments to the contrary are nothing more than "purely speculative claims about the existence and discoverability of other |

| | | |
|---|---|---|
| | | documents," which is not enough. Grand Cent. P'ship, 166 F.3d at 489. It follows that the Department's motion for summary judgment must be and is GRANTED, and Plaintiffs' cross-motion for summary judgment must be and is DENIED. The Clerk of Court is directed to terminate ECF Nos. 21 and 35, to enter judgment in the Department's favor, and to close the case. SO ORDERED. (Signed by Judge Jesse M. Furman on 8/7/24) (yv) Transmission to Orders and Judgments Clerk for processing. (Entered: 08/07/2024) |
| 08/08/2024 | 54 | CLERK'S JUDGMENT re: 53 Memorandum & Opinion in favor of United States Department of State against Reclaim the Records, Alec Ferretti. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated August 7, 2024, the Department's motion for summary judgment must be and is GRANTED, and Plaintiffs' cross-motion for summary judgment must be and is DENIED. Accordingly, the case is closed. (Signed by Clerk of Court - Acting Daniel Ortiz on 8/8/2024) (Attachments: # 1 Appeal Package) (tp) (Entered: 08/08/2024) |
| 09/06/2024 | 55 | NOTICE OF APPEAL from 54 Clerk's Judgment,,. Document filed by Alec Ferretti, Reclaim the Records. Filing fee $ 605.00, receipt number ANYSDC-29855934. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Rankin, David) (Entered: 09/06/2024) |
| 09/06/2024 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 55 Notice of Appeal. (tp) (Entered: 09/06/2024) |
| 09/06/2024 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 55 Notice of Appeal, filed by Alec Ferretti, Reclaim the Records were transmitted to the U.S. Court of Appeals.(tp) (Entered: 09/06/2024) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/10/2024 11:27:14 | | |
| PACER Login: | DBR22447 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:23-cv-01471-JMF |
| Billable Pages: | 7 | Cost: | 0.70 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                            :

RECLAIM THE RECORDS et al.,               :

                           :

                 Plaintiffs,       :

                           :               23-CV-1471 (JMF)

           -v-                     :

                           :         OPINION AND ORDER

UNITED STATES DEPARTMENT OF STATE,   :

                           :

                 Defendant.      :

                           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Alec Ferretti is a board member of Reclaim the Records, a non-profit organization that

acquires genealogical data sets from government sources for the purpose of making them free

and accessible to the public. *See* ECF No. 1 ("Compl."), ¶ 6. In 2017, Ferretti and Reclaim the

Records (together, "Plaintiffs") submitted a request for a "copy of the index to all birth and death

records held by the State Department for the Panama Canal Zone" under the Freedom of

Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.* Compl. ¶ 9. The Department of State (the

"Department") failed to promptly process the request, and this action followed; thereafter, the

Department denied the request on the ground that the record requested by Plaintiffs does not

exist. *See id.* ¶¶ 5, 24-25; ECF No. 12, at 1. The parties' dispute — presented by way of cross-

motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, *see*

ECF Nos. 21, 35 — turns on whether the index Plaintiffs seek can be generated from preexisting

data held by the Department. For the reasons that follow, the Court concludes that the

Department has the better of the argument. Accordingly, its motion for summary judgment is

GRANTED and Plaintiffs' cross-motion for summary judgment is DENIED.

# BACKGROUND

The following facts, which are undisputed unless otherwise indicated, derive from the sworn declarations of Regina L. Ballard, Division Chief of the Office of Records Management within the Department's Bureau of Consular Affairs, *see* ECF No. 22 ("Ballard Decl."), ECF No. 46 ("Ballard 2d Decl."), and Sharon Westmark, Division Chief of the Production Services Design and Development Division within the Bureau of Consular Affairs, *see* ECF No. 47 ("Westmark Decl."), submitted in support of the Department's motion for summary judgment, among other evidence submitted by the parties. Courts treat such declarations with "a presumption of good faith," *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994), to the extent "they are not called into question by contradictory evidence in the record or by evidence of agency bad faith," *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999).

## A. Panama Canal Zone Birth and Death Records

In 1999, the Panama Canal Commission transferred to the Department birth and death records for the Panama Canal Zone ("PCZ"), an area of Panama controlled by the United States between 1903 and 1979. *See* Ballard Decl. ¶ 10. The Department primarily maintains these records as "paper records" in sixty-eight boxes containing 95,200 index cards. *Id.* ¶¶ 11-12. Although the Department "attempted to import some of the PCZ data" to the Passport Information Electronic Records System ("PIERS") as part of a wider effort to digitize passport records, the resulting data was "of such poor quality that the Department abandoned the effort and decided to preserve them in their paper form instead." *Id.* ¶ 21. As a result, there is "an imperfect match of the data in PIERS and the paper records for the PCZ birth records and the PCZ death records," Ballard 2d Decl. ¶ 17, and the 95,200 paper index cards constitute the Department's "official birth and death records for the PCZ," Westmark Decl. ¶ 13.

To locate a specific PCZ birth or death record, a Department employee starts by entering the relevant name, date of birth, and file type (e.g., birth or death record) in PIERS. Ballard 2d Decl. ¶ 18; Westmark Decl. ¶ 11. The PIERS application then queries multiple, separate databases for "all relevant PRISM file numbers," which are unique numbers assigned to each image of a digitized document. *Id.* ¶ 12. Because there is a "unique PRISM number for each scanned document, . . . there could be multiple PRISM numbers associated with a recordholder," and a search could produce multiple results. *Id.* ¶ 13. When the employee attempts to retrieve the scanned record associated with a particular PRISM number, "the PIERS application code on the backend searches the relevant file shares[] to retrieve the image of," in this case, "the PCZ birth or death record." *Id.* ¶ 12. But because the digital data is incomplete, the Department is "unable to validate the accuracy of" the results generated by the PIERS application and must ultimately rely on the paper index cards "as its official birth and death records for the PCZ," *id.* ¶ 13. Therefore, even if a Department employee is able to identify "the corresponding entry in PIERS" for a PCZ birth or death record, the employee must "undertake a lengthy process to ensure that the information in PIERS matches" the information in the paper record for the individual in question. Ballard 2d Decl. ¶ 22. If the employee is unable to locate the record in PIERS, the employee can only identify the corresponding paper record by going through the boxes of index cards or "book volumes" of those same records. *Id.* ¶¶ 23-24, 26. Neither the boxes nor the book volumes contain any "index or list for the PCZ records." *Id.* ¶¶ 25, 27.

Because PIERS utilizes multiple databases "housing different aspects of . . . information," a "database quer[y]" for a comprehensive list of the relevant PCZ birth and death records would "generate unreliable data that Department personnel would have to separately validate." Westmark Decl. ¶ 14. The Department has never extracted such a comprehensive list

from PIERS.  Ballard Decl. ¶ 26.  Indeed, according to Ballard, "[u]ndertaking this exercise . . .
would take years to complete," as an "IT specialist would have to do a bulk pull of this
information and then a Department Passport analyst would need to verify that the data pulled
matched the actual information in the digitized record" and confirm that the information could be
released in accordance with the Privacy Act.  *Id.*  "[A]n inventory of the Department's PCZ
records . . . derived from the [95,200] paper index cards" would similarly "take a Department
employee several years to complete."  Westmark Decl. ¶¶ 13-14; Ballard Decl ¶ 19.

**B.  Plaintiffs' FOIA Request**

On June 30, 2017, Plaintiffs submitted a FOIA request for "a copy of the *index* to all birth
and death records held by the State Department for the Panama Canal Zone."  ECF No. 36-1, at
1.  In a letter to the Department, Ferretti explained that a "vital records index is typically the
document either contained at the end of a book of vital records, or in a separate volume,
alphabetically listing all vital events which took place in a jurisdiction during a specified time
period, usually organized by surname or in sequential order."  *Id.*  Ferretti also explained that
"[t]hese indexes have often been digitized in a searchable database format" and requested that
"this index be sent to [him] digitally, in a searchable database format, if such database exists."
*Id.* at 1-2.  Significantly, Plaintiffs did not request, and do *not* seek here, "the release of any
actual birth or death certificates that were indexed."  ECF No. 42 ("Pls.' Opp'n"), at 1.

Although the Department acknowledged the request on August 23, 2017, *see* ECF No.
36-2, it failed to act on the request for years, *see* ECF Nos. 36-3, 36-4, 36-5, 36-6.  In May 2021,
the Department stated, in response to Ferretti's fifth request for a status update, that the FOIA
request was in process and the estimated date of completion was February 14, 2022.  *See* ECF
No. 36-7.  The next month, a Department FOIA Analyst e-mailed Ferretti stating that it was

"very difficult to process [Plaintiffs'] request" and seeking clarification as to the range of years covering the PCZ birth and death records sought. ECF No. 36-8. In reply, Ferretti referred the Department analyst to a Department records disposition schedule from 2021, which specifies that the Department is in possession of an "Index of Panama Canal Zone Birth Certificates, adoption records and related documents for persons born between 1904 and 1979" and an "Index of Panama Canal Zone Death Certificates for persons who died between 1904 and 1979." *See id.*; *see also* ECF Nos. 1-8, 22-2. According to the Department, these entries refer to the sixty-eight boxes of index cards constituting the Department's "official" PCZ birth and death records, not a separate index of those cards. *See* Ballard Decl. ¶¶ 14-15; Ballard 2d Decl. ¶ 29.

On February 2, 2023, over five and a half years after Plaintiffs' filed their FOIA request, Plaintiffs filed this action seeking review of the Department's failure to promptly release the requested records under 5 U.S.C. ¶ 552(a)(4)(b). *See* Compl. ¶¶ 1-2, 3, 5. Two months later, in a letter dated April 13, 2023, the Department informed Ferretti that it had "conducted searches and found no responsive records" and that "that complete[d] the processing of [Plaintiffs'] request." ECF No. 22-4. More specifically, the Department explained as follows:

> [T]he Department does not maintain an index or search aid for birth and death records for the Panama Canal Zone. The system where these birth and death records are stored does not contain an index or spreadsheet or allow for the extraction and compilation of certain information from the records stored in the system. Rather, the Department can only retrieve the records stored in the system manually and one-at-a-time, meaning that the Department must search the system using personally identifiable information, including the name and date of birth of an individual, to locate a particular birth or death record for the Panama Canal Zone.

*Id.* According to Ballard, the Department had "searched for *any* index or list that could serve as a search aid for PCZ birth and/or death records," with and "without restriction as to the date of such records, . . . [and] regardless of whether any index or list would refer to these records separately or in a combined fashion." Ballard 2d Decl. ¶¶ 7, 9. Ballard also spoke with

personnel in the Office of Consular Systems and Technology, the Office of Modernization and
Systems Liaison, and Passport Services to determine whether any such index or list exists or
"could be extracted from Department systems or databases." *Id.* ¶¶ 12-13.

In challenging the Department's denial, Plaintiffs point to a Department records
disposition schedule, which includes one entry described as "Index of Panama Canal Zone Birth
Certificates, adoption records and related documents for persons born between 1904 and 1979 in
the Panama Canal Zone or in hospitals administered by the U.S. Government in Panama City and
Colon" and another described as "Index of Panama Canal Zone Death Certificates for persons
who died between 1904 and 1979 in the Panama Canal Zone or in hospitals administered by the
U.S. Government in Panama City and Colon." ECF No. 22-2, at 13. Both entries are described
as "Index Card File." *Id.* Plaintiffs also point to an excerpt from the Federal Register stating that
the Department "maintains U.S. passport records for passports issued from 1925 to present, as
well as vital records related to births abroad, deaths, and witnesses to marriage abroad." ECF
No. 22-3, at 1. Among the categories of records included in the passport records system, it lists
"Panama Canal Zone birth certificates and death certificates" and "[a]n electronic index of
Department of State Reports of Birth of American Citizens abroad," among the categories of
records included in the passport records system. *Id.* at 1-2. It notes that these records are stored
by "[h]ard copy and electronic media." *Id.* at 3. Finally, they cite the Department's 2020
"Privacy Impact Assessment" of PIERS, which contains a section describing how information in
the database can be shared. *See* ECF No. 36-9, at 7-9.

On October 24, 2023, the Department filed its motion for summary judgment. ECF No.
21. Plaintiffs filed their cross-motion on February 19, 2024. ECF No. 35. After the Court
granted multiple extensions, the motions became fully briefed on August 2, 2024.

## LEGAL STANDARDS

Congress's purpose in enacting FOIA was "to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence." *Open Soc'y Just. Initiative v. Dep't of Def.*, No. 20-CV-5096 (JMF), 2021 WL 3038528, at *3 (S.D.N.Y. July 15, 2021) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)). "FOIA thus mandates that an agency disclose records on request, unless they fall within one of nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011). Further, "all doubts [are to be] resolved in favor of disclosure," *Local 3, Int'l Bhd. of Elec. Workers v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988). Significantly, however, "FOIA imposes no duty on [an] agency to create records." *Forsham v. Harris*, 445 U.S. 169, 186 (1980). It requires an agency only to "disclose[] existing documents, which it has already prepared." *Pierce & Stevens Chem. Corp. v. U.S. Consumer Prod. Safety Comm'n*, 585 F.2d 1382, 1388 (2d Cir. 1978).

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *Seife v. U.S. Dep't of State*, 298 F. Supp. 3d 592, 604 (S.D.N.Y. 2018). In general, summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over an issue of material fact qualifies as genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where both sides move for summary judgment, as here, "neither side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993). "[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose

motion is under consideration." *Id*. To defeat a motion for summary judgment, the non-moving

party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and

demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec.

Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The non-moving party "cannot

defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or

on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of

Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted).

More specifically, in order for an agency to prevail on a motion for summary judgment in

a FOIA case, it must fulfill the "burden of showing that its search [for the requested record or

records] was adequate." *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994). An

agency may satisfy that burden by submitting declarations that recite "facts which enable the

District Court to satisfy itself that all appropriate files have been searched." *Jones-Edwards v.

Appeal Bd. of Nat. Sec. Agency Cent. Sec. Agency*, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005),

*aff'd* 196 F. App'x 36 (2d Cir. 2006) (summary order) (quoting *Church of Scientology v. IRS,*

792 F.2d 146, 151 (D.C. Cir. 1986), *aff'd,* 484 U.S. 9 (1987)). Such declarations must "describe

the justifications for nondisclosure with reasonably specific detail," *Knight First Amend. Inst. at

Columbia Univ. v. USCIS*, 30 F.4th 318, 327 (2d Cir. 2022), so as to "afford the FOIA requester

a meaningful opportunity to contest, and the district court an adequate foundation to review, the

soundness of" the agency's determination, *Seife*, 298 F. Supp. 3d at 606 (quoting *Campbell v.

U.S. Dep't of Just.,* 164 F.3d 20, 30 (D.C. Cir. 1998)); *see also Halpern v. F.B.I.,* 181 F.3d 279,

293 (2d Cir. 1999) ("[B]lind deference is precisely what Congress rejected when it amended

FOIA in 1974.").

At the same time, the agency's "search for responsive documents need not, and indeed could not be perfect," and a search may be "reasonable and adequate even if it fails to produce all relevant material." *Garcia v. U.S. Dep't of Just.*, 181 F. Supp. 2d 356, 368 (S.D.N.Y. 2002) (cleaned up). Furthermore, "[i]t is clear beyond cavil that an agency cannot improperly withhold records that it does not maintain," which means that "'where the Government's declarations establish that a search would be futile, the reasonable search required by FOIA may be no search at all.'" *Whitaker v. Department of Commerce*, 970 F.3d 200, 207 (2d Cir. 2020) (quoting *MacLeod v. United States Department of Homeland Security*, No. 15-CV-1792 (KBJ), 2017 WL 4220398, at *11 (D.D.C. Sept. 21, 2017)). In sum, "[t]he agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." *Garcia*, 181 F. Supp. 2d at 368 (internal quotation marks omitted). The key is whether the agency's "search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *Grand Cent. P'ship Inc.*, 166 F.3d at 489 (quoting *SafeCard Servs., Inc. v. S.E.C.,* 926 F.2d 1197, 1201 (D.C. Cir. 1991)).

"When an agency has satisfied its 'burden of showing that its search was adequate . . ,' a plaintiff seeking to avoid an award of summary judgment to the [agency] must show either bad faith sufficient to 'impugn the agency's affidavits' or 'provide some tangible evidence that . . . summary judgment is otherwise inappropriate.'" *ACLU Immigrants' Rts. Project v. U.S. Immigr. & Customs Enf't*, 58 F.4th 643, 651 (2d Cir. 2023) (quoting *Carney*, 19 F.3d at 812); *Triestman v. U.S. Dep't of Just.,* 878 F. Supp. 667, 672 (S.D.N.Y. 1995) (explaining that if the agency's affidavits are adequate on their face, summary judgment should be granted "only if the plaintiff makes a showing of bad faith sufficient to impugn the affidavits . . . based on more than mere

speculation).  "Affidavits submitted by an agency are 'accorded a presumption of good faith.'"

*Carney,* 19 F.3d at 812 (quoting *Safecard Servs., Inc.*, 926 F.2d at 1200).

## DISCUSSION

Applying these standards here, the Court concludes that the Department has satisfied its

burden.  Ballard's and Westmark's declarations set forth in "reasonably specific detail," *Knight*

*First Amend. Inst.*, 30 F.4th at 327, both that the Department conducted an adequate search for

any preexisting or readily available indexes and lists and that fulfilling Plaintiffs' request would

require the creation of new records.  Plaintiffs fail to rebut the presumption of good faith owed to

these representations.  The Department is therefore entitled to summary judgment.

### A.  The Department's Search Was Adequate

To begin, Ballard's and Westmark's declarations leave no genuine dispute that "all

appropriate files have been searched."  *Jones-Edwards*, 352 F. Supp. 2d at 423.  Contrary to

Plaintiffs' argument that the Department "rel[ied] on a narrow definition of 'index'" in

conducting its search, Pls.' Opp'n 11, the Department "searched for *any* index or list that could

serve as a search aid for PCZ birth and/or death records," with and "without restriction as to the

date of such records, . . . [and] regardless of whether any index or list would refer to these

records separately or in a combined fashion," Ballard 2d Decl. ¶¶ 7, 9.  Importantly, the

Department searched for any already-existing "index" in both the sixty-eight boxes of hard-copy

records and in the partially complete collection of PCZ birth and death records in PIERS — the

two places most likely to hold records responsive to Plaintiffs' request — and confirmed that

there is no "separate list or index of [the] records."  Ballard Decl. ¶ 18; *see also id.* ¶ 25.  Finally,

Ballard —who, as the Division Chief of the Office of Records Management within the

Department's Bureau of Consular Affairs, is a reliable, if not authoritative, source on "the

archiving and retrieval of [the] records" at issue, Ballard Decl. ¶¶ 1, 3 — consulted others

familiar with Department systems and databases and confirmed that "the Department does not

maintain any index or list of PCZ birth or death records," Ballard 2d Decl. ¶ 13.  These

descriptions exceed the "minimal detail" that Plaintiffs accuse the Department of providing, Pls.'

Opp'n 9, and they demonstrate that the Department conducted "a search reasonably designed to

identify and locate responsive documents," *Garcia*, 181 F. Supp. 2d at 368 (internal quotation

marks omitted), including by going beyond "the context of an already-existing document" and

contemplating the possibility of "responsive data extracted via a database query," ECF No. 52

("Pls.' Reply"), at 3.

Plaintiffs do not really challenge the Department's representation that it conducted an

adequate search for "an already-existing aid which would guide a Department employee to

where among [the sixty-eight] boxes to look for a particular record (i.e., an index)."  Pls.' Opp'n

17.  Instead, relying primarily on a declaration from a purported database expert, Ron Schnell,

they maintain that the Department can search PIERS "for the names and dates of birth of

individuals born in the Panama Canal Zone between 1904 and 1979, and the names and dates of

death of individuals who died in the Panama Canal Zone between 1904 and 1979, any additional

data relevant to the particular individual's vital record (for example, certificate number), and that

the data resulting from these searches be provided in a searchable database format."  *Id.* at 17-18;

*see id.* at 18 ("The personally identifying information fields maintained by Department database

can be used in a search query to generate the requested information."); ECF No. 41 ("Schnell

Decl.").  More specifically, they contend that "[a]n associative relationship between PCZ data

and individual [personally identifiable information] strongly implies the ability of a PIERS user

with back-end database access to use database search queries and programming to generate and

extract a list of the names of the individuals those PCZ records concern." Pls.' Reply 2. "If the Department is able to locate an individual record within the tens of thousands of records it maintains from the PCZ," the argument goes, "an index of some type would seem necessary to correlate the index cards to corresponding records in digital form which are apparently part of the database." Pls.' Opp'n 12-13. These arguments are not enough to carry the day.

For starters, it is doubtful that the Court should even consider Schnell's declaration. First, "the adequacy of a federal agency's search for documents in response to a FOIA request is not [usually] a topic on which [the Court] needs the assistance of an expert." *Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 141 n.10 (D.D.C. 2015) (Jackson, J.); *see also Hall v. Cent. Intel. Agency*, 538 F. Supp. 2d 64, 72-73 (D.D.C. 2008) ("[T]he Federal Rules of Evidence and Federal Rules of Civil Procedure do not permit testimony to be introduced *carte blanche* merely because they are offered by an expert."). And even if it were, Schnell "is not a [Department] employee, and [] does not aver that he has ever worked at . . . the [Department]." *Bigwood*, 132 F. Supp. 3d at 141 n.10; *see* Schnell Decl. ¶¶ 2-8. As a result, Schnell's understanding of the record-keeping system relevant to this case concededly stems entirely from Ballard's declarations, *see id.* ¶ 21; *see also* Pls.' Reply 7, and his declaration is limited to broad assertions about "[a]ll modern databases" and what he "would expect someone with direct database access" to do when faced with a FOIA request like Plaintiffs', *id.* ¶¶ 19, 23. This makes it unlikely that Schnell's declaration "reflects a reliable application of the principle and methods to the *facts of the case.*" Fed. R. Evid. 702(d) (emphasis added); *see Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 302 (S.D.N.Y. 2001) ("[The] proffered testimony . . . must not only have a reliable foundation but also be relevant in that it 'fits' the facts of this case." (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993)); *see also In't Veld v. Dep't of Homeland Sec.*,

589 F. Supp. 2d 16, 21 (D.D.C. 2018) (rejecting an expert affidavit that "is based on the faulty assumption that [all] systems are the same"); *cf. Osen LLC v. U.S. Cent. Command*, 375 F. Supp. 3d 409, 421 (S.D.N.Y. 2019) (declining to extrapolate from Plaintiffs' experts' discussions of specific disclosures), *rev'd on other grounds*, 969 F.3d 102 (2d Cir. 2020).

But even if the Court could properly consider Schnell's declaration, the declaration fails to sufficiently counter Ballard's and Westmark's detailed technical explanations of the ways in which PIERS is "unlike . . . a typical database," ECF No. 45 ("Def.'s Reply"), at 12, and how, as a result, it does not contain and cannot generate "records responsive to Plaintiff[s'] FOIA request," Ballard Decl. ¶ 4. Indeed, for the most part, Schnell provides "generalities about technical capabilities of generic systems," which is not enough to overcome an agency's detailed declarations "as to the technical feasibility and reproducibility of a records request." *Long v. Immigr. & Customs Enf't*, 149 F. Supp. 3d 39, 57-58 (D.D.C. 2015). In the only paragraph of his declaration that engages with Ballard's description of the PIERS system with some specificity, Schnell emphasizes that Ballard "admits that the PIERS system interacts with the database using the personal identifying information fields that are necessary to fulfill this FOIA request ('name,' 'date of birth[,'] etc.)," and argues that "the fact . . . that PIERS can use these fields shows that . . . [they] can be used in a simple query" to generate indexes. Schnell Decl. ¶ 27 (discussing Ballard Decl. ¶ 23). But, as discussed above, Ballard and Westmark adequately explain why the PIERS application's responsiveness to those fields is not enough to generate an index. First, running a search on the PIERS application with those fields could retrieve "multiple PRISM numbers" for record-holders with more than one digitized passport record. Westmark Decl. ¶ 13. In those cases, the search process would then require human input to choose the correct PRISM number and "validate any data from PRISM file numbers." *Id.* Second, a search entails at least

two steps: when, after the initial search on the PIERS application, the Department employee attempts to retrieve a particular scanned record associated with a particular PRISM number, "the PIERS application code on the backend searches the relevant file shares/databases to retrieve the image of," in this case, "the PCZ birth or death record." *Id.* ¶ 12. Schnell's broad assertion that even "data . . . spread between tables or even databases . . . would be reflected in the actual search queries" does not account for this multi-step process at all. Schnell Decl. ¶ 25.

In the absence of more specific challenges to Ballard's and Westmark's descriptions of the Department's record-keeping system, Ballard's and Westmark's declarations are enough to establish that an index is not readily available and that a further "search" for one through the PIERS application "would be futile." *Whitaker*, 970 F.3d at 207. In other words, the Department does not maintain either a preexisting index or list of the relevant birth and death records. Nor does it have the kind of data management system that enables the generation of such an index or list on demand. It follows that the Department "cannot improperly withhold" the requested records. *Id.*; *see also Garcia*, 181 F. Supp. 2d at 368 ("The agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." (internal quotation marks omitted)).

**B. The Department Is Not Required to Create a New Record**

That is enough to resolve this case. But the record also makes plain that the only way to satisfy Plaintiffs' request would be to "create" a record that does not exist, which, as noted, FOIA does not require. *See Forsham*, 445 U.S. at 186. Notably, some courts have deemed the production of "a list of records returned from [a] . . . search" on an agency database — such as the Public Access to Court Electronic Records (or PACER) system — "something that FOIA

does not mandate" because it "would be tantamount to requiring [the agency] to *create* [a] record." *People for Am. Way Fdn. v. U.S. Dep't of Just.*, 451 F. Supp. 2d 6, 15 (D.D.C. 2006); *see also Johnson v. Cent. Intel. Agency*, 330 F. Supp. 3d 628, 643 (D. Mass. 2018) ("[A]n agency is not compelled to create a new list for a requester."); *Nat'l Sec. Counselors v. Cent. Intel. Agency*, 898 F. Supp. 2d 233, 271 (D.D.C. 2012) ("[A] FOIA request for a listing or index of a database's contents that does not seek the contents of the database, but instead essentially seeks information about those contents, is a request that requires the creation of a new record, insofar as the agency has not previously created and retained such a listing or index.").  Applying that logic here, Plaintiffs' case would arguably have ended as soon as Ballard's and Westmark's declarations established that the Department could not find any already-existing "index" in either the sixty-eight boxes of hard-copy records or the partially complete collection of PCZ birth and death records in PIERS.  *See* Ballard Decl. ¶¶ 18-19, 25; Westmark Decl. ¶¶ 7, 10.

But even if one were to require more for something to meet the definition of "creating" a new record from a database system, the Department would meet the test here as it has established that creating the record requested by Plaintiffs would be an onerous undertaking indeed.  To understand why, it is important to note that running a search on the PIERS application for all existing PCZ birth and death records, even if it were possible, would not yield the requested index for at least two reasons other than those discussed above.  First, a search on the PIERS application "yields [only] up to a certain number of results beyond which no further results are shown even if they fit the criterion used."  Ballard 2d Decl. ¶ 19.  Second, "there is an imperfect match of the data in PIERS and the paper records for the PCZ birth records and the PCZ death records," *id.* ¶ 17, because the Department "abandoned" its effort to digitize PCZ birth and death records midway through and "decided to preserve them in paper form instead."  Ballard Decl.

¶ 21.  Consequently, a broader PIERS search for the relevant PCZ birth and death records would yield a limited — that is, incomplete — set of results, pulled from an already-incomplete set of digitized records.  This means that, in order to fulfill Plaintiffs' request for an index, the Department would have to run hundreds of PIERS searches, verify the results by cross-checking them with the physical index cards, stitch each incomplete list of search results together, and then identify and add any non-digitized PCZ birth and death records.  *See Nat'l Sec. Counselors*, 898 F. Supp. 2d at 271 ("[P]roducing a *listing* of database search results . . . is different than producing particular points of data . . . because a particular listing or index of the contents of a database would not necessarily have existed prior to a given FOIA request.").  Alternatively, the Department would have to manually build "an inventory of the Department's PCZ records . . . from the [95,200] paper index cards," a process that would take years to complete.  Westmark Decl. ¶ 14.  Either way, the Department is "not expected," let alone required, "to take [such] extraordinary measures" in order to fulfill a FOIA request.  *Garcia*, 181 F. Supp. 2d at 368.

Plaintiffs rely heavily on *ACLU Immigrants' Rights Project* in arguing that the Department "should not be permitted to allow technical restrictions of its own design to be the basis for withholding otherwise-available records."  Pls.' Reply 4; *see id.* at 6; Pls.' Opp'n 11-12.  But that case is distinguishable.  There, the Second Circuit held that FOIA required Immigration and Customs Enforcement ("ICE") to apply "codes or some form of programming to retrieve [requested] information" from its databases in a way that would permit the ACLU to track individual non-citizens across those databases, as doing so would "not amount to the creation of records."  58 F.4th at 653; *see also Nat'l Sec. Counselors*, 898 F. Supp. 2d at 270 ("[S]orting a pre-existing database of information to make information intelligible does not involve the creation of a new record . . . .  Sorting a database by a particular data field (*e.g.* date, category,

title) is essentially 'the application of codes or some form of programming,' and thus does not involve creating new records." (quoting H.R. Rep. 104–795, at 22 (1996)).  Critically, however, ICE had acknowledged that it had the "ability to track a single individual across the various stages of immigration proceedings" and that, "although ICE stores immigration data by event, it can, and on an ad hoc basis does, access that information in a person-centric manner *in the regular course of agency business*."  *ACLU Immigrants' Rts. Project*, 58 F.4th at 655, 658 (emphasis added).  Here, by contrast, the Department has shown that it does not have a similar ability to pull an index of PCZ birth and death records from PIERS.

Plaintiffs' sole remaining contention is that fear of inaccurate data does not justify the Department's refusal to generate an index.  *See* Pls.' Opp'n 14.  But this contention misses the mark for several reasons.  First, it erroneously assumes that PIERS can, in the first place, generate a comprehensive list of PCZ birth and death records, whether accurate or not.  Second, the problem with any PIERS-generated list is not only that the PCZ data might be inaccurate; it is also that, depending on the way that the list was compiled, it could contain non-PCZ data — which Plaintiffs did not request — as "there could be multiple PRISM numbers associated with a recordholder, who could have a PCZ record in addition to any number of passport records." Westmark Decl. ¶ 13.[1]  Plaintiffs' effort to equate withholding a computer-generated list that surpasses the scope of their request with agency decisions to withhold a requested report or data set on account of objective errors within those documents is thus without merit.  *See* Pls.' Opp'n 14 (discussing *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1437 (D.C. Cir.

---

[1]    The problem, therefore, is not just that any PIERS-generated list might "errantly commingle[] [non-FOIA-exempt records] with exempt records."  Pls.' Opp'n 14 (quoting *Reclaim the Records v. Dep't of Veterans Affairs*, No. 18-CV-8449 (PAE), 2020 WL 1435220, at *21-22 (S.D.N.Y. Mar. 24, 2020)).  It is that any such list might include non-requested data, some of which may contain sensitive personal information not subject to disclosure.

1992) and *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 923 (9th Cir. 1992)).  So

too is Plaintiffs' argument that the Department should release at least those "names associated

with any records that *were* digitized."  Pls.' Reply 5.

## CONCLUSION

In conclusion, the Department establishes through Ballard's and Westmark's declarations

that it conducted an adequate search for the requested index and that fulfilling Plaintiffs' request

would require the creation of a new document, which FOIA does not require.  At bottom,

Plaintiffs' arguments to the contrary are nothing more than "purely speculative claims about the

existence and discoverability of other documents," which is not enough.  *Grand Cent. P'ship*,

166 F.3d at 489.  It follows that the Department's motion for summary judgment must be and is

GRANTED, and Plaintiffs' cross-motion for summary judgment must be and is DENIED.

The Clerk of Court is directed to terminate ECF Nos. 21 and 35, to enter judgment in the

Department's favor, and to close the case.


            SO ORDERED.

Dated:  August 7, 2024
        New York, New York                          _____
                                                    JESSE M. FURMAN
                                                    United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

RECLAIM THE RECORDS et al.,

                   Plaintiffs,                23 **CIVIL** 1471 (JMF)

      -against-                          **<u>JUDGMENT</u>**

UNITED STATES DEPARTMENT OF STATE,

                   Defendant.

------------------------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated August 7, 2024, the Department's motion for

summary judgment must be and is GRANTED, and Plaintiffs' cross-motion for summary

judgment must be and is DENIED. Accordingly, the case is closed.

**Dated:** New York, New York

      August 8, 2024

                                     **DANIEL ORTIZ**
                             **Acting Clerk of Court**

          **BY:**
                                   _____
                                     **Deputy Clerk**

# ADDENDUM "B"

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

```
------------------------------------------------------------------X
```
Reclaim the Records, Alec Ferretti,

                        Plaintiffs - Appellants,     **Docket No. 24-2387**

   - against -

United States Department of State,

                        Defendant - Appellee.     **Form C Addendum B**

```
------------------------------------------------------------------X
```

### Issues Proposed to be Raised on Appeal

**I. Whether the District Court Erred in Granting Defendants' Summary Judgment Motion.**

Standard of Review: De Novo

**II. Whether the District Court Erred in Finding that the Department's Search Was Adequate.**

Standard of Review: De Novo

**III. Whether the District Court Abused its Discretion in Finding the Defendant's Affidavits to be Credible.**

Standard of Review: Abuse of Discretion

**IV. Whether the Court's Interpretation of *ACLU Immigrants' Rights Project v. U.S. Immigration & Customs Enforcement*, 58 F.4th 643 (2d Cir. 2023) Was Too Narrow, Causing Erroneous Summary Judgment In Favor of Defendant.**

Standard of Review: De Novo